# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

FRANK DAVIS                                                              PETITIONER

V.                                                                       NO. 3:08CV084-B-A

CHRISTOPHER EPPS, et al.                                                 RESPONDENTS

## MEMORANDUM OPINION

This cause comes before the court on the petition of Frank Davis for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After due consideration, the court finds that Respondents' motion to dismiss shall be granted and the petition dismissed with prejudice.

### A. Factual and Procedural Background

On January 25, 2001, Davis was sentenced to serve twenty years imprisonment for possession fo marijuana in the Circuit Court of Grenada County, Mississippi. On March 19, 2002, the Mississippi Court of Appeals affirmed Davis's conviction and sentence. *See Davis v. State*, 817 So.2d 593 (Miss. App. 2002). Following the denial of his appeal, Davis filed a motion for rehearing which was denied on May 28, 2002. Davis then filed an untimely motion for writ of certiorari which was also denied on September 24, 2002.

### B. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation:

> (d)(1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

> States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

Under Mississippi law, a defendant is allowed fourteen days after a decision is rendered to seek a writ of certiorari in the State Supreme Court. *See* M.R.A.P. 17(b). Since Davis failed to seek certiorari review, the appeals process was stopped. *See Duplantis v. Booker*, 273 F.3d 392, 2001 WL 1013067 at **1-3 (5th Cir. 2001); *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). Thus, Davis's judgment became final fourteen days after the Court of Appeals denied his motion for rehearing. In the absence of any further review, Davis's's sentence and conviction became final on June 11, 2002, the date on which his time for seeking further review in state court expired.

Davis, therefore, had one-year or until June 11, 2003, to seek federal review of his judgment or "properly file" an application for post-conviction relief in state court to toll the limitations period. *See* 28 U.S.C. § 2244(d)(2). Davis did file an application for leave to seek post-conviction relief in the Mississippi Supreme Court on May 20, 2008.[1] The petition was denied on June 25, 2008. Since the motion was filed well beyond the expiration of the one-year limitations period, the statutory tolling provision does not apply. *Id.*

---

[1] Davis signed the petition on this date. The Mississippi Supreme Court stamped the petition received on May 27, 2008. Since the difference between the two dates is nondispositive, the court will use the date most favorable to Davis, May 20, 2008.

To be timely, therefore, Davis's federal habeas petition must have been filed by June 11, 2003. Davis, however, did not file this petition until August 2, 2008, when he presumably delivered it to prison officials for mailing. *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (mailbox rule is applicable to pro se prisoners). His petition was, thus, filed 1,879 days beyond the expiration of the one-year limitations period.

The petition is untimely unless Petitioner can demonstrate that the one-year limitations period should be equitably tolled. A petitioner must cite "rare and exceptional" circumstances to warrant equitable tolling, or that he was actively misled or prevented in some extraordinary way from asserting his rights. *Ott v. Johnson*, 192 F.3d 510, 513-514 (5th Cir. 1999). Davis does not offer any excuse for his incredibly delinquent pursuit of federal habeas relief. Accordingly, he has not alleged the existence of any "rare and exceptional" circumstances that would permit the court to consider his petition. The doctrine of equitable tolling will not be used to revive his untimely habeas claims. Consequently, the petition must be dismissed with prejudice

A final judgment in accordance with this opinion will be entered.

THIS the 26th day of October, 2009.

/s/ Neal Biggers

_____
NEAL B. BIGGERS
SENIOR U.S. DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI